UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILMINGTON SAVINGS FUND SOCIETY, FSB            PLAINTIFF

v.            CIVIL ACTION NO. 3:16-CV-00627-CRS

TIJA JACKSON, et al.            DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity but solely as Trustee for BCAT 2014-4TT ("Wilmington") brought this action in Jefferson Circuit Court in Louisville, Kentucky, against Defendants Tija Jackson aka Tija A Jackson; the unknown spouse, if any, of Tija Jackson aka Tija A Jackson; the United States of America, Secretary of Housing and Urban Development; Beneficial Kentucky, Inc.; and Park Du Valle Property Owners Association, Inc. Not. Removal 1, ECF No. 1. *Pro se* Defendant Jackson removed the action to this Court. *Id.* Wilmington now moves for remand, ECF No. 5. For the reasons below, the Court will grant Wilmington's motion.

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As a court of limited jurisdiction, a district court is required to remand any case where federal subject matter jurisdiction is lacking. *See* 28 U.S.C. § 1447(c). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

1

Wilmington argues that the action should be remanded because Jackson did not obtain consent of all Defendants in the action before requesting removal to federal court. According to 28 U.S.C. § 1446(a)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(a)(2)(B). The so-called "rule of unanimity" is derived from this language and has been adopted by the Sixth Circuit. *Loftis v. United Parcel Service, Inc.*, 342 F.3d 509, 516 (6th Cir. 2003). According to the rule, all defendants in an action must join in the removal petition or file their consent to removal, "in writing," within 30 days of receipt of a summons when the complaint demonstrates that the case is one that may be removed. *Id.* "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id.* The Sixth Circuit has identified at least three ways to satisfy the rule of unanimity: "all parties that have been served or otherwise properly joined may (1) join in the removal, (2) file a written consent to removal, or (3) oppose a motion to remand." *City of Cleveland v. Ameriquest Mort. Securities, Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (citations omitted).

Here, there is nothing in the record to indicate that Jackson obtained consent from the other Defendants before removing the case to this Court. In fact, Jackson appears to improperly classify the other Defendants in this action as third-party defendants in order to avoid obtaining their consent in removal. Not. Removal 1–2, ECF No. 1. In its motion for remand, Wilmington asserts that Defendant Beneficial Kentucky, Inc. was served on October 13, 2016 and that Defendant United States of America, Secretary of Housing and Urban Development was served on September 16, 2016. Mot. Remand 4, ECF No. 5. Wilmington also asserts that Defendants

Park Du Valle Property Owners Association, Inc. and Unknown Spouse, if any, of Tija Jackson "have been served through Warning Order Attorney." *Id.* Wilmington further asserts that "[s]aid Defendants have an interest in the property subject to the Circuit Court foreclosure action by virtue of liens on the property" and thus they were required to join in or consent to the removal. *Id.* Jackson has not responded to the motion to remand in order to establish that removal is proper.

Therefore, the Court finds that Jackson failed to comply with 28 U.S.C. § 1446 and the procedural "rule of unanimity" when it unilaterally removed the case from state court without obtaining the consent of her fellow Defendants. Thus, the Court will remand this action.

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** (DN 5). The Court **REMANDS** this case to the Jefferson Circuit Court.

**IT IS SO ORDERED.**

February 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Counsel of Record
　　Jefferson Circuit Court (16-CI-401618)
　　Unknown Spouse, if any, of Tija Jackson AKD Tija A. Jackson
　　Beneficial Kentucky, Inc.
　　Park Du Valle Property Owners Association, Inc.